
FILED

JUL 0 5 2016

Clerk, U S District Court
District Of Montana
Missoula

ROBERT MYERS,

    Plaintiff,

vs.

SHAUN R. THOMPSON, in his official capacity as Chief Disciplinary Counsel for the State of Montana,

    Defendant.

CV 16–45–H–DWM–JCL

ORDER

On June 10, 2016, Plaintiff Robert Myers ("Myers") sought a preliminary injunction to prevent the Office of Disciplinary Counsel from enforcing Canon 4.1(A)(10) of the Montana Code of Judicial Conduct and Rule 8.2(a) of the Montana Rules of Professional Conduct, which regulate false statements made by lawyers, judges, and judicial candidates. Myers's motion was denied. (Doc. 19.) He appealed that decision to the Ninth Circuit Court of Appeals, (Doc. 22), and now seeks an injunction pending appeal, (Doc. 23). That request is denied.

District courts are empowered to "suspend, modify, restore, or grant an injunction" "[w]hile an appeal is pending from an interlocutory order . . . that . . . denies an injunction." Fed. R. Civ. P. 62(c). Courts evaluate motions for

1

preliminary injunction and motions for injunction pending appeal using the same standard. *Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Myers relies on the arguments put forth in support of his request for a preliminary injunction. (*See* Docs. 5, 6, 16.) A stay pending appeal is not warranted.

As explained in this Court's June 28, 2016 Order, Myers is not likely to succeed on the merits of his claim. (*See* Doc. 19.) Moreover, Myers is not irreparably harmed under the status quo as he is not prohibited from running advertisements that are critical of his opponents and many avenues of speech remain available to him. Additionally, because the State has shown a compelling interest in maintaining public confidence in the integrity of the judiciary, *see Williams-Yulee v. Fla. Bar*, ___ U.S. ___, 135 S. Ct. 1656, 1666 (2015), and that such an interest is furthered by the ethical rules Myers challenges, enjoining enforcement of those rules is not in the public interest and the balance of equities weighs against granting the requested relief.

Accordingly, IT IS ORDERED that Myers's motion for stay pending appeal (Doc. 23) is DENIED.

Dated this 5th day of July, 2016.

Donald W. Molloy, District Judge
United States District Court