**FILED**

**SEP 15 2017**

Clerk, U.S. Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| ROBERT MYERS, | CV 16–45–H–DWM |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL COTTER, in his official capacity as Chief Disciplinary Counsel for the State of Montana, | |
| Defendant. | |

Plaintiff Robert Myers ("Myers") brings this action for declaratory and injunctive relief, seeking a determination that certain rules of professional conduct prohibiting false statements by and about judicial candidates are unconstitutional on their face and as applied under the First and Fourteenth Amendments to the United States Constitution. Myers seeks partial summary judgment as to his facial challenge under the First Amendment, (Doc. 54), and Defendant Michael Cotter, Chief Disciplinary Counsel for the State of Montana ("the State"), moves for summary judgment on all Myers' claims, (Doc. 49). Magistrate Judge Jeremiah Lynch entered Findings and Recommendation on August 30, 2017, recommending Myers' motion be denied and the State's motion granted. (Doc. 72.)

1

The parties are entitled to *de novo* review of the specific findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). Myers filed objections on September 12, 2017, (Doc. 75), to which the State responded, (Doc. 76).

Myers outlines 12 objections in his filing. (Doc. 75.) The State disagrees with Myers' objections on the merits, but also argues that because the objections were filed one day after the deadline, (*see* Doc. 72 at 27 (requiring objections be filed by September 11, 2017)), the Findings and Recommendation need only be reviewed for clear error. (Doc. 76.) Because Myers' objections lack merit even when reviewed *de novo*, the Court adopts in full Judge Lynch's Findings and Recommendation. As the parties are familiar with the factual and procedural background, it will not be restated here.

## ANALYSIS

Myers' objections are almost all precluded by *Williams-Yulee v. Florida*

*Bar*, ___ U.S. ___, 135 S. Ct. 1656 (2015).  He insists that the State may not restrict false statements by and about judicial candidates and lawyers in the context of judicial elections.  Contrary to his position, "[a] State may restrict the speech of a judicial candidate . . . if the restriction is narrowly tailored to serve a compelling interest."  *Williams Yulee*, 135 S. Ct. at 1665.  Because such a showing has been made here, summary judgment is granted in favor of the State.

## I.      Objections 1 and 5:  Compelling Interest

Myers first argues that the State has failed to meet its burden of showing a compelling interest in limiting the false speech of lawyers and judicial candidates.  As part of his objection, Myers rehashes his argument that because the speech at issue is not one of the "historical categories" exempted from First Amendment protection, it cannot be regulated such.  As explained above, Myers is incorrect.  *Williams Yulee*, 135 S. Ct. at 1665; *see Wolfson v. Concannon*, 811 F.3d 1176, 1180-81 (9th Cir. 2016).

Myers further argues that because the State's purposes and interests are not outlined in the regulations or their comments, the State failed to identify a compelling interest to justify the challenged restrictions.  Contrary to Myers' arguments, the comments in Montana's Code of Judicial Ethics do in fact address this compelling interest.  (*See* Doc. 51 at 16.)  Moreover, the Supreme Court has

determined that "public perception of judicial integrity is a state interest of the highest order." *Williams-Yulee*, 135 S. Ct. at 1666. An interest Myers concedes is compelling. (*See* Doc. 56-2 at 14.) Objections 1 and 5 are not well-taken.

## II.    Objections 2, 3, 4, and 11: Applicable Caselaw

Myers further objects on the grounds that the interest of "judicial impartiality" identified in *Williams-Yulee* is distinguishable from the interests implicated here. Myers' position is unpersuasive, however, as *Williams-Yulee*'s discussion of the "public confidence in the integrity of the judiciary," 135 S. Ct. at 1666, is the very same interest identified by Montana's professional rules of conduct. Myers also argues that *Williams-Yulee* does not overrule *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002), or *United States v. Alvarez*, ___ U.S. ___, 132 S. Ct. 2537 (2012). And, he insists that *U.S. District Court for the Eastern District of Washington v. Sandlin*, 12 F.3d 861, 865 (1993), and *Standing Committee on Discipline of the United State District Court for the Central District of California v. Yagman*, 55 F.3d 1430 (9th Cir. 1995), are inconsistent with *Alvarez*, and are therefore unconstitutional. Myers is mistaken in his belief that the findings of Judge Lynch are inconsistent with Supreme Court jurisprudence or that *Alvarez* overruled all existing First Amendment law. *Williams-Yulee*, which was decided after *Alvarez*, makes clear that there is a difference between speech in

4

political and judicial elections, and that difference makes restriction of speech in the judicial election context possible. 135 S. Ct. at 1667. Objections 2, 3, 4, and 11 are not well-taken.

## III.   Objection 6: Reliance on Montana Supreme Court decisions

Myers argues that the State has not met its burden under Rule 56 because it "has relied entirely upon the opinions of the Montana Supreme Court in its motion." (Doc. 75 at 7.) However, as argued by the State, Myers misreads Judge Lynch's findings, which id not rely on the relevant Montana Supreme Court decisions to conclude that Myers' statements were in fact false, but rather, to show that Myers' statements are "capable of being proved true or false." That is operative question under *Yagman*. 55 F.3d at 1438. Objection 6 is not well-taken.

## IV.   Objections 7 and 8: Less Restrictive Alternative

Myers' argument that Montana's professional rules are not narrowly tailored is precluded by *Williams-Yulee*, 135 S. Ct. 1667, and ignores the fact "[e]thical rules that prohibit false statements impugning the integrity of judges . . . are not designed to shield judges from unpleasant or offensive criticism, but to preserve public confidence in the fairness and impartiality of our system of justice." *Yagman*, 55 F.3d at 1437. Objections 7 and 8 are not well-taken.

## V.   Objection 9: In- and Out-of -Court Statements

Myers further argues that he is not attempting to draw a line between in- and out-of-court statements, but rather there is a distinction between statements made during an ongoing legal proceeding (whether in- or out-of-court) and those made when a case is finished. Myers once again ignores the interests at stake. *See Williams-Yulee*, 135 S. Ct. at 1667. Objection 9 is not well-taken.

## VI.   Objection 10: Causal Connection

Finally, Myers argues that there is no causal connection between preventing false statements by and about judicial candidates and ensuring that judges and judicial candidates remain free from undue influence and political pressure. Such a connection has been identified by the State, (*see* Doc. 51 at 15-17), and was also identified by the Supreme Court in *Williams-Yulee*, 135 S. Ct. at 1667. Objection 10 is not well-taken.

### CONCLUSION

Having reviewed those findings not specifically objected to for clear error, IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 72) is ADOPTED IN FULL. Myers' motion for partial summary judgment (Doc. 54) is DENIED and the State's motion for summary judgment (Doc. 49) is GRANTED.[1]

---

[1] Myers' Objection 12, which asks for the opposite conclusion, is therefore not well-taken.

All pending deadlines are VACATED and motions DENIED as MOOT.  The

bench trial scheduled for September 25, 2017, is VACATED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter

judgment in favor of the State and against Myers and close the case file.

DATED this 15th day of September, 2017.


Donald W. Molloy, District Judge
United States District Court

7